IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN OTWELL, ADC#109869                                                        PLAINTIFF

V.                              NO. 6:14-CV-06121 PKH/MEF

DALE REED, et al.                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

  This is a civil rights action filed by the Plaintiff, Steven Otwell, pursuant to 42 U.S.C. § 1983. The Complaint concerns a missed meal, which resulted in the Plaintiff being unfed for 17 hours, while incarcerated at the Ouachita River Unit of the Arkansas Department of Corrections ("ADC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P. K. Holmes III, Chief United States District Judge for the Western District of Arkansas, referred this case to the undersigned for the purpose of making a report and recommendation.

  Currently before the Court is the Motion to Dismiss filed by Defendants, Reed and Sulpavado. (Doc. 12) Plaintiff did not respond. After careful consideration, the undersigned makes the following Report and Recommendation.

**I. BACKGROUND**

  Plaintiff filed his Complaint on October 16, 2014 in the Eastern District of Arkansas. (Doc. 2) The Eastern District properly transferred the case to this Court on November 10, 2014. (Doc. 5) In his Complaint, Plaintiff names Warden Dale Reed and Lieutenant Patrick Sulpavado of the Ouachita River Unit as Defendants in the case. (Doc. 2, pp. 1-2) They are sued in their official capacities only. (Doc. 2, p. 2)

  Plaintiff alleges that on July 16, 2014 he was not "fed dinner chow." (Doc. 2, p. 4) As a result, he did not eat again for 17 hours, and "felt bad all night" due to taking his medication on an

1

empty stomach. He contends this has happened more than once, although other dates are not alleged. Plaintiff requests monetary damages, and to "have A.D.C employees get better trai[n]ing in humanity." (Doc. 2, p. 5)

A grievance was received from the Plaintiff on this incident was received by the grievance office on July 22, 2014. (Doc. 2, p. 7) It alleges he missed his last meal on July 16, 2014, and that this should not have happened because "food is [his] right to live and to take that away is cruel and unusual punishment." *Id.* Plaintiff states that the "co" called several times to get the tray delivered. *Id.* A decision by Warden Dale Reed was issued on August 5, 2014, finding merit to the grievance, as Plaintiff did not receive his tray. Warden Reed ordered appropriate corrective action to be taken. (Doc. 2, p. 8) Plaintiff appealed this response, wanting further corrective action. *Id.* Plaintiff wanted a policy implemented to "account for meals needed for each inmate in each barracks," and he wanted a "policy governing the accountability of officers who do not have the people skills to deal [with] inmates or fellow officers at level necessary to accomplish their job duties." *Id.* However, the appeal was denied because the Warden had already addressed the issue. (Doc. 2, p. 9)

Defendants filed their Motion to Dismiss and Brief in Support on February 10, 2015. (Docs. 12, 13) Defendants argue the case should be dismissed pursuant to FRCP 12(b)(6). (Doc. 13, p. 1)

## II.     APPLICABLE LAW

Rule 8(a) contains the general pleading rule and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009), quoting *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable interference that defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Defendants argue this case should be dismissed for four reasons: (1) Plaintiff's claim is barred by sovereign immunity; (2) Plaintiff's official capacity claim is based on *respondeat superior*; (3) Plaintiff does not allege sufficient facts to sustain an Eighth Amendment Cruel and Unusual Punishment claim; and, (4) Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit.

Under § 1983, a defendant may be sued in either his individual capacity, or his official capacity, or in both. In *Gorman v. Bartch¸* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained in the *Gorman* case:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914. Thus, an official capacity claim against Warden Reed and Lieutenant Sulpavado is a claim against the entity for which they work, the Ouachita River Unit of the ADC.

3

As such, the Plaintiff must point to some policy or custom of the Ouachita River Unit that violated his rights.

Missing one meal does not state a claim for relief. *See Jaros v. Illinois Dept. of Correction*, 684 F.3d 667 (7th Cir. 2012) (occasional missed meal that did not endanger the inmate did not state a claim); *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) ("That [the inmate] may have missed one meal … does not rise to the level of a cognizable constitutional injury"). Further, even if there were an Eighth Amendment Cruel and Unusual Punishment violation, Plaintiff has not made any allegations or presented any facts showing that his one missed meal was the result of a policy or custom of the Ouachita River Unit that either Defendant Reed or Defendant Sulpavado were enforcing.

### IV.   CONCLUSION

Accordingly, I recommend Defendant's Motion to Dismiss (Doc. 12) be **GRANTED** and the case be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **10th day of June, 2015.**

/s/ Mark E. Ford
HONORABLE MARK. E. FORD
UNITED STATES MAGISTRATE JUDGE